S. MILLS and W. STEWART *against* NOYES BARBER.

MOTION for a new trial.

This was a *scire facias* against *Barber*, as the debtor of *Peter V. Ledyard* and *Henry Wheat*, merchants in company, under the firm of *Ledyard & Wheat*. The original process against *Ledyard & Wheat* was dated, and a copy left in service with the defendant, the 4th of *May*, 1808.

The plaintiffs, having recovered judgment against *Ledyard & Wheat*, prayed out this *scire facias*, stating

One partner, without the knowledge of the other, may make a valid assignment, in the copartnership name, of a debt due to the company, with a power of attorney to the assignee to sue for and collect the same, and apply the avails to his own use.

that at the time the original writ was left in service with the defendant, he was indebted to *Ledyard & Wheat* to the amount of more than the debt and costs in that judgment.

The defendant pleaded the general issue. On the trial, it was admitted by the defendant that he was indebted to *Ledyard & Wheat*, to the amount demanded, on the 10th *March*, 1808; at which time, he contended, the debt was legally assigned by *Ledyard & Wheat* to *Thomas Lawrence.* The assignment was proved and admitted to have been executed by *Wheat* alone, without the knowledge of his partner, under the firm of *Ledyard & Wheat*, for a valuable consideration, viz. for indemnity for sundry endorsements by *Lawrence*, the assignee, in their behalf, with power and authority, in the names of *Ledyard & Wheat*, to sue for and collect said debt, and the avails to apply to his own use. Of this assignment, it appeared that the defendant had due and seasonable notice.

The court, in their charge to the jury, instructed them, that this instrument, thus executed, was good and sufficient to pass the property assigned; and therefore directed the jury to find a verdict for the defendant. The plaintiffs moved for a new trial on the ground of a misdirection.

*Dwight* argued in support of the motion. He cited *Harrison* v. *Jackson et al.*, 7 *Term Rep.* 207.

*T. S. Williams*, contra.

BRAINERD, J. (after stating the case.) The charge, I am of opinion, is supported by principles of law. It brings into test and consideration the power which one partner has over his fellow partner, and the partnership interest and concerns. And in the first place, it is very clear, that one partner cannot for himself and fellow partner, or under the firm of the partnership, execute

a *deed*. By a deed I understand an instrument under seal; an instrument to which the common law requires a seal. But as to property belonging to the company, one partner has the absolute power of disposing of the whole. He has the power of binding the company in the purchase of personal property to any amount; of giving, and, under the firm of the company, signing bills of parcels of all the goods of which the company may be possessed; of cancelling bills of lading; of drawing and endorsing bills of exchange; of executing policies of insurance, and bills of sale of vessels; and of assigning *choses in action* belonging to the company, in the same manner as an individual may assign his own. For I take it to be a principle of the law merchant, and of course of the common law, that all partners are bound by the acts of either done in relation to their joint trade or business; for in this relation one partner is the authorized agent of the others; that with regard to all personal property, both in possession and in action, each partner necessarily has the same power and control over it, that any individual has over his own.

But it may be objected, that in addition to the assignment, there is a power of attorney; that a power of attorney is a deed within the common law definition of a deed, an instrument under seal; that this instrument has no seal, and cannot have, as none but a corporation has a common seal; yet a power of attorney operating without interest as a delegation of authority solely for the benefit of the constituents may be considered as a deed, and, as such, ought to be executed by all the parties under their respective hands and seals. But if the position be true, that one partner has the power of assigning a *chose in action* belonging to the company, the assignment is the essence of the transaction; the power of collecting results as an incident; it follows of course, although not expressed.

In this opinion the other judges severally concurred.

New trial not to be granted.